**L & J ENERGY COMPANY, INC., Petitioner,**

v.

**SECRETARY OF LABOR, et al., Respondents.**

No. 94–1454.

United States Court of Appeals, District of Columbia Circuit.

Argued May 16, 1995.

Decided June 6, 1995.

Henry Chajet, Washington, DC, argued the cause and filed the briefs for petitioner.

Colleen A. Geraghty, Atty., Office of the Sol., U.S. Dept. of Labor, Washington, DC, argued the cause for respondent. With her on the brief was W. Christian Schumann, Washington, DC, Counsel. Susan E. Long, Counsel, Office of the Sol., and L. Joseph Ferrara, Counsel, Mine Safety and Health Review Comm'n, Washington, DC, entered appearances.

Before: HENDERSON, ROGERS and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

On February 5, 1991, two large rocks fell off the unexcavated face of the L & J Germantown Mine, injuring one miner and killing another. The Secretary of Labor conducted an investigation and filed a proposed penalty assessment against petitioner, L & J Energy Company, Inc., alleging violations of Federal Mine Safety and Health Administration regulations based on L & J's failure to comply with certain examination and upkeep requirements. After a hearing, an Administrative Law Judge ("ALJ") of the Federal Mine Safety and Health Review Commission found six violations, including five at issue in the instant petition for review, some of which required a finding that the dangerous conditions existed on the mine wall on February 5.[1] *Secretary of Labor v. L & J Energy Company, Inc.*, 16 F.M.S.H.R.C. 424 (1994). Because darkness prevented the Secretary's inspectors from examining the mine wall on February 5, the evidence against L & J consisted primarily of photographs and witness descriptions of the wall's dangerous condition on February 6 and expert testimony indicating that the dangerous conditions could not have arisen overnight. *Id.* at 426–438.

L & J principally contends that the ALJ's mistaken interpretation of a stipulation between the parties led him to rely exclusively on the expert testimony and to ignore relevant eyewitness testimony indicating that the dangerous conditions did not exist on February 5.[2] In his initial decision, the ALJ evaluated the condition of the mine wall on February 5 based solely on the conflicting testimony of the parties' experts.[3] *Id.* at 431, 441. Upon remand, the ALJ acknowledged that he had misinterpreted the stipulation, but concluded, as the Secretary now maintains, that the error did not affect his decision because he had "take[n] cognizance of, and discusse[d], the testimony of witnesses other than [the experts], who had observed" the conditions of the mine. *Secretary of Labor v. L & J Energy Company, Inc.*, 16 F.M.S.H.R.C. 796, 796 (1994). The fact that the ALJ reviewed the testimony of eyewitnesses in his findings of fact, however, is irrelevant because in his legal conclusions he disclaimed reliance on anything but expert testimony. In addition, the Secretary's attempt to salvage the ALJ's opinion by pointing to substantial evidence in support of his conclusions is unavailing because this incorrectly assumes that the ALJ considered and balanced all of the evidence in reaching his conclusions. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951).

■■■ Contrary to L & J's contentions, however, the fact that the eyewitnesses who observed the wall on February 5 testified that the dangerous conditions did not exist prior to the accident did not foreclose the ALJ from finding violations here.[4] Instead, if the Commission reaches the same result on remand, it must simply explain why the eyewitness testimony is discredited or discounted in whole or in part. Nor does Commission precedent preclude consideration of conditions on the day after an accident as evidence of dangerous conditions when the accident occurred. While the Commission has

1. L & J challenges the ALJ's conclusion that it violated 30 C.F.R. §§ 77.1000, 77.1005(a), 77.1501(a) & (b), & 77.1713(a).

2. The Secretary's contention that L & J failed to preserve this issue for appeal is meritless. The petition for discretionary review, which the Commission denied, states that "[t]he judge found L & J liable only after completely disregarding the eyewitness testimony. The judge's action in this regard was based upon an erroneous understanding of a stipulation entered into by the parties regarding expert testimony."

3. The ALJ asserted:
   In order for [the citations at issue here] to be sustained, it must be initially determined whether it is more likely than not that these conditions existed the previous day. *In analyzing this issue*, pursuant to the parties' stipulation, *I rely exclusively* on an analysis of the opinions proffered by [the experts,] Wu and Scovazzo. (emphasis added)
   *Id.* at 441.

4. As the Supreme Court has observed, "direct evidence of a fact is not required. Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S.Ct. 6, 11, 5 L.Ed.2d 20 (1960); *see also United States v. Fadayini*, 28 F.3d 1236, 1239–40 (D.C.Cir.1994).

**1088**

suggested that post-accident evidence should be viewed with caution because it may result from the accident itself or reflect conditions that arose after the accident, the Commission has not precluded the use of such evidence by finders of fact. *See, e.g., Secretary of Labor v. ASARCO,* 14 F.M.S.H.R.C. 941, 951 (1992); *Secretary of Labor v. Malvern Minerals Co.,* 11 F.M.S.H.R.C. 2382, 2385 (ALJ 1989). Moreover, because an ALJ has substantial latitude in choosing between conflicting expert testimony, *see ASARCO,* 14 F.M.S.H.R.C. at 949; *Secretary of Labor v. Cyprus Tonopah Mining Corp.,* 15 F.M.S.H.R.C. 367, 373 (1993), if the ALJ had provided an explanation (other than the misconstrued stipulation) for disregarding the eyewitness testimony of the L & J miners, the expert testimony alone could have constituted substantial evidence in support of the conclusion.[5] *See* 30 U.S.C. § 816(a)(1); *Chaney Creek Coal Corp. v. Federal Mine Safety & Health Rev. Comm'm,* 866 F.2d 1424, 1431 (D.C.Cir.1989).

Accordingly, we remand the case to the Federal Mine Safety and Health Review Commission for a new determination based on the full record. The Secretary has conceded that on remand, before assessing a fine, the Commission should address each of the six statutory criteria for determining civil penalties. *See Secretary of Labor v. Sellersburg Stone Co.,* 5 F.M.S.H.R.C. 287, 292–93 (1983); 30 U.S.C. § 820(i).

---

**5.** In view of the record evidence, L & J's challenge to the finding that L & J violated 30 C.F.R. § 77.1501(b) by failing to conduct and record "frequent" inspections during a period of freezing and thawing weather conditions fails. The only recorded inspection on February 5 took place at 8:00 a.m.; although another miner testified that he had conducted "frequent" inspections, he did not record the results. 16 F.M.S.H.R.C. at 447. Nonetheless, the Commission must revisit the § 77.1501(b) violation on remand because the ALJ based his conclusions on the fact that dangerous conditions existed on February 5. *Id.*